United States District Court
For the Northern District of California

1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8

SHOP IRONWORKERS LOCAL 790
PENSION TRUST et al.,

No. C-06-4067 MMC

9

Plaintiffs

**ORDER DENYING MOTION TO
ENFORCE SETTLEMENT**

10
11

v.

(Docket No. 30)

COFAB STEEL CORPORATION et al.,

12
13

Defendants                                        /

14
15

Before the Court is plaintiff's motion, filed March 22, 2007, to enforce a December

16

19, 2006 settlement agreement that purported to resolve the instant action between

17

plaintiffs Shop Ironworkers Local 790 Pension Trust, Joint Board of Trustees of the Shop

18

Ironworkers Local 790 Pension Trust, and Michael Newington as Trustee, and defendants

19

Cofab Steel Corporation ("Cofab"), Arcmatic Integrated Systems, Inc. ("Arcmatic"), Charles

20

Bock, and Irma Bock.  No opposition to the motion has been filed.[1]  Having considered the

21

papers filed in support of the motion, the Court finds the matter appropriate for resolution

22

without oral argument, see Civil L.R. 7-1(b), hereby VACATES the May 18, 2007 hearing,

23

and rules as follows.

24

Federal courts generally lack subject matter jurisdiction to hear a motion to enforce a

25
26

[1] On March 27, 2007, defendants' counsel filed an ex parte application to withdraw
as counsel and for extension of the deadline for defendants to respond to the instant

27

motion.  In an order filed March 28, 2007, the Court granted the application and extended
to April 27, 2007 the deadline for defendants to respond to the instant motion.  The court
cautioned defendants that Cofab and Arcmatic could not appear in the instant action

28

without counsel; to date, however, no defendant has filed a substitution of counsel and, as
noted, none has responded to the instant motion.

settlement agreement in the absence of an independent jurisdictional basis with respect to the motion.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994) ("Enforcement of [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").  Here, no such independent jurisdictional basis is asserted.

Further, there is no basis here for the exercise of ancillary jurisdiction.  A court has ancillary jurisdiction to enforce a settlement agreement if "the parties' obligation to comply with the terms of the settlement agreement [has] been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."  See id. at 381.  Here, however, the Court did not retain jurisdiction over enforcement of the settlement agreement, and, consequently, the Court does not have ancillary jurisdiction over the instant motion.

Lastly, the settlement itself does not provide for a motion to enforce.  Rather, the settlement expressly provides that if defendants breach the settlement agreement, plaintiffs "shall be permitted to file a Complaint in the United States District Court, Northern District for the purpose of having Judgment entered for the full assessed amount, plus liquidated damages, interest and attorneys['] fees and costs, less any payments made by the Arcmatic Parties."  (See McCulloch Decl. ¶ 1 and Ex. A (Settlement Agreement) ¶ 2.1(c) (emphasis added).)[2]

Accordingly, the instant motion is hereby DENIED.

This order terminates Docket No. 30.

**IT IS SO ORDERED**.

Dated: May 8, 2007

MAXINE M. CHESNEY
United States District Judge

_____

[2] The Court expresses no opinion as to whether the district court would have subject matter jurisdiction over such a suit.